UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES A. FERNANDES, JR<br><br>Plaintiff,<br><br>v.<br><br>J.C. CHRISTENSEN & ASSOCIATES, INC.<br><br>Defendant. | CIVIL ACTION 3:16-cv-00061<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF PURSUANT TO**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, CHARLES A. FERNANDES, JR ("Fernandes"), by and through his attorneys, Sulaiman Law Group, Ltd. and Law Offices of Mueller & Haller LLC, complaining of the Defendant, J.C. CHRISTENSEN & ASSOCIATES, INC. ("JC"), as follows:

**NATURE OF THE ACTION**

1. Fernandes bring this action as a consumer to secure redress for JC's unlawful collection practices. Fernandes alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because JC conducts business in the Southern District of Illinois and JC's collection communications and practices impacted Fernandes within the Southern District of Illinois.

## PARTIES

4. Plaintiff Charles Fernandes is a natural person residing in the Southern District of Illinois.

5. Plaintiff Charles Fernandes is a "consumer" as defined under 15 U.S.C. §1692a(3).

6. At all times relevant to this action, JC was engaged as a collection agency with its principal office located in Houston, Texas.

7. JC is a "debt collector" as defined under 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts owed to a third party.

8. At all times relevant to this complaint, JC was collecting on a consumer debt as defined under 15 U.S.C. §1692a(5).

## FACTS SUPPORTING CAUSES OF ACTION

9. On or about October, 2005, Fernandes obtained a loan from Wells Fargo ("subject debt") to fund the purchase of a vehicle.

10. Sometime thereafter, the subject debt was transferred to Santander.

11. Fernandes subsequently defaulted on the subject loan.

12. On September 15, 2014, Fernandes, along with his wife, Jodi, filed a joint Chapter 13 petition in the United States Bankruptcy Court, Southern District of Illinois, case number 14-31541 ("bankruptcy case"), invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

13. Fernandes listed Santander as an unsecured creditor on Schedule F of his bankruptcy. *See* Exhibit B, a true and correct copy of Schedule F filed with Fernandes's Bankruptcy Petition.

14. Because Fernandes listed Santander as a creditor, the Bankruptcy Noticing Center ("BNC") sent Santander notice of the bankruptcy filing. *See* Exhibit C, a true and correct copy of

the Certificate of Notice executed by the BNC establishing service of the notice of bankruptcy filing upon Santander.

15. On January 20, 2015, JC sent to Fernandes a dunning letter demanding payment in the amount of $15,089.56 in reference to the subject debt. *See* Exhibit D, a true and correct copy of the dunning letter JC sent to Fernandes.

16. JC's dunning letter included a payment coupon which listed the amount due and JC's address for the payment to be mailed to. *Id.*

17. The January 20, 2015, 2015 statement also stated:

> "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." *Id.*

18. On at least 3 separate occasions, JC contacted Jodi Fernandes (Plaintiff's spouse) on her cellular phone, demanding payment of the subject debt.

19. Fernandes was highly confused and upset by the demands for payment as he believed his bankruptcy filing prohibited such payment demands.

20. Concerned about the violations of his rights and protections afforded by the United States Bankruptcy Code, Fernandes sought the assistance of counsel to ensure that JC's collection efforts ceased.

21. Fernandes has expended time consulting with his attorneys as a result of JC's deceptive collection actions.

22. Fernandes was unduly inconvenienced and harassed by JC's unlawful attempts to collect the subject debt.

**COUNT I -- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

23. Fernandes repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Fernandes is a "consumer" as defined by 15 U.S.C. §1692a(3).

25. The subject debt is a "debt" as defined by 15 U.S.C. §1692a(5).

26. JC is a "debt collector" as defined by 15 U.S.C. §1692 a(6)

27. JC violated 15 U.S.C. §§1692e(2), e(10), and f(1) through its debt collection efforts.

28. JC violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt because the subject debt was uncollectable at the time of the payment demands by virtue of the automatic stay.

29. Similarly, JC violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectible when in fact, it was not by virtue of the automatic stay.

30. JC violated 15 U.S.C. §1692(f)(1) by attempting to collect a debt not permitted by law as the Fernandes's obligation to pay the subject debt was stayed in the bankruptcy.

31. It was unfair and deceptive for JC to attempt to collect from Fernandes the uncollectible subject debt.

32. JC had no legal right to attempt to collect the subject debt from Fernandes because it was listed as an unsecured debt in the bankruptcy case.

33. As pled above, Fernandes has suffered damages as a result of JC's unlawful collection practices.

WHEREFORE, Plaintiff, CHARLES FERNANDES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. awarding Fernandes statutory damages of $1,000 as prescribed by the FDCPA;

c. awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. awarding Fernandes costs and reasonable attorney fees as provided under 15 U.S.C. §1692 and;

e. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 19, 2016                    Respectfully Submitted,

/s/ Penelope N. Bach
Penelope N. Bach - 6284659
Attorney for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188

James J. Haller -.6226796
William A. Mueller - #06187732
Attorneys for Plaintiff
5312 West Main Street
Belleville, Illinois 62226
(618) 236-7000